# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANNA TERRELL                                                    CIVIL ACTION NO.

VERSUS                                                          20-855-JWD-EWD

BRIAN KEITH HALL, ET AL.

### NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Anna Terrell ("Plaintiff") as a result of a motor vehicle collision that occurred on or about November 14, 2019.[1] Specifically, Plaintiff claims that her vehicle was "violently" struck when a vehicle driven by Brian Hall ("Hall"), who in the course and scope of his employment with KLB Sons Holdings, LLC ("KLB") at all relevant times, "[s]uddenly, negligently, and without warning…veered into [Plaintiff's] lane of travel."[2] Plaintiff also claims that, at the time of the collision, (1) Nationwide Agribusiness Insurance Company ("Nationwide") "had issued an automobile liability policy…insuring Hall and KLB against liability for fault and acts of negligence and gross negligence…"[3] On November 16, 2020, Plaintiff filed her Petition for Damages ("Petition") against Hall, KLB, Nationwide, and her uninsured/underinsured motorist insurer, Progressive Paloverde Insurance Company ("Progressive") (collectively, "Defendants"), in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[4] Progressive removed the matter on December 18, 2020, asserting federal subject matter under 28 U.S.C § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy,

---

[1] R. Doc. 1, ¶ 4.
[2] R. Doc. 1-2, ¶¶ 11-15.
[3] *Id*. at ¶ 20.
[4] R. Doc. 1-2.
[5] R. Doc. 1, ¶ 3.

is necessary to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.[6] Neither the Notice of Removal, nor the Petition, which is cited, adequately allege the citizenship of KLB.[7]

The Notice of Removal states, "[KLB] is alleged to be a Teas limited liability company, and on information and belief, has two members, both of whom are citizens of Texas. Accordingly, [KLB] is deemed to be a citizen of Texas."[8] These are not sufficient allegations regarding KLB's citizenship because they do not identify KLB's "two members" or their respective citizenships as required by 28 U.S.C. § 1332(a) and (c).

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[9] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[10] Thus, to properly allege the citizenship of a limited liability company, a party

---

[6] It appears that the amount in controversy is met. Attached to the Notice of Removal is correspondence from defense counsel, dated December 9, 2020, which purports to memorialize a conversation where counsel for Plaintiff represented that Plaintiff's damages exceed $75,000.00. R. Doc. 1-6. *See, e.g., Ives v. Kroger Texas L.P*., No. 17-11, 2017 WL 1321000 (N.D. Tex. Mar. 17, 2017) (amount in controversy requirement satisfied where the plaintiff admitted that she was seeking damages in excess of $75,000), *report and recommendation adopted*, 2017 WL 1296598 (N.D. Tex. Apr. 7, 2017); *Freeman v. Witco, Corp.*, 984 F. Supp. 443 (E.D. La. 1997) (amount in controversy requirement satisfied where the plaintiff denied in response to request for admission that she would not seek damages or execute on any judgment rendered in her favor against any of the defendants in excess of $75,000); *Garcia v. State Farm Lloyds*, No. 08-829, 2009 WL 10669517 (W.D. Tex. Feb. 3, 2009) (amount in controversy requirement satisfied where plaintiffs denied a request for admission asking them to "[a]dmit that the damages you are seeking in the lawsuit, at this time or at any time in the future, including attorney fees, do not exceed $75,000" because they wanted "to preserve their ability to seek damages greater than $75,000 should they, in the future, discover grounds for seeking greater damages than they currently seek.").

[7] The Notice of Removal alleges (1) that Plaintiff is domiciled in Louisiana, (2) that Hall is "alleged to be, and on information and belief, is a resident and domiciled in the County of Sunflower, State of Mississippi," (3) that Nationwide is "incorporated in Iowa with its principal place of business in Ohio," and (4) that Progressive is "incorporated in Indiana with its principal place of business in Ohio." R. Doc. 1, ¶ 3. These are adequate allegations regarding the citizenship of these parties. *See, Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State in not sufficient."); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").

[8] R. Doc. 1

[9] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).

[10] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[11] The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[12]

Accordingly,

**IT IS ORDERED** that **on or before January 6, 2021**, Progressive Paloverde Insurance Company shall file a motion for leave to file a comprehensive Amended Notice of Removal, that contains all its numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Defendant, KLB Sons Holdings, LLC, as described herein.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 29, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Id*.
[12] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").